UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK

IN RE THE APPLICATION OF VALLA
PTC LIMITED


REQUEST FOR DISCOVERY PURSUANT
TO 28 U.S.C. § 1782

CASE NO.  1:20-mc-00223
_____

### EX PARTE APPLICATION FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782

COMES NOW, Applicant, Valla PTC Limited, acting as trustee of the Westline Trust

("Valla" or "Applicant"), by and through its undersigned counsel applies for an *ex parte* Order

pursuant to 28 U.S.C. § 1782 to obtain discovery in the form of subpoenas to be served on banks

that primarily acted as intermediary or correspondent banks for other banks, but who may have

also held accounts directly located within the Southern District of New York, and for the

production of relevant documents in their possession, custody, and/or control. Those banks are

H.S.B.C. Bank U.S.A., N.A.; H.S.B.C. Private Bank (Suisse) SA; H.S.B.C. Holdings PLC; UBS

AG; Bank of New York Mellon; JPMorgan Chase Bank, N.A.; Citibank N.A.; Deutsche Bank

(and its affiliates Deutsche Bank Trust Company Americas and Bankers Trust Company); Wells

Fargo Bank, N.A.; Barclays Bank PLC; Lloyd's Bank USA; Lloyd's Bank Commercial Banking;

Commerzbank AG; and Bank of America, N.A. (collectively, the "Intermediary Banks") for use

in an action pending before in the United Kingdom High Court of Justice, Queen's Bench

Division (the "UK Court") entitled *Valla v. Faiman*, Claim No. CL-2020-000240 (the "UK

Action") and additional reasonably contemplated foreign actions (the "Future Actions").

"[I]t is neither uncommon nor improper for district courts to grant applications made

pursuant to §1782 *ex parte*."  *Gushlak v. Gushlak*, 486 Fed. Appx. 215, 217 (2d Cir. 2012)

(summary order); *Brandi-Dohrn v. IKB Deutsche Industriebank AG*, 673 F.3d 76, 78 (2d Cir. 2012) (reviewing district court's grant of motion to quash subsequent to *ex parte* grant of §1782 application); *In re Edelman*, 295 F.3d 171, 173-175 (2d Cir. 2002) (same); see also *In re Hornbeam*, -- Fed.Appx. --, 2018 WL 416486, *2 (2d Cir. Jan. 16, 2018) (summary order) ("this court has decided appeals from motions to quash *ex parte* § 1782 subpoenas without identifying any impropriety in the *ex parte* nature of the § 1782 application."). Requests for transfer records from intermediary banks are routine and rarely opposed by such banks. In previous cases seeking similar discovery from intermediary banks under § 1782, the Court noted that "New York Banks routinely receive and comply with similar subpoenas issued pursuant to 28 U.S.C. §1782. In response . . . the Banks have searched their electronic transaction databases for the relevant terms timely provided counsel with sample electronic spreadsheets listing the basic information relating to any wire transfers that satisfy the search parameters." *In re Application of Hornbeam Copr.*, 2014 WL 8775453, *1 (S.D.N.Y. Dec. 24, 2014).

From 2017-2019, Valla and its subsidiary Erglis Limited ("Erglis") lent €25,000,000 plus $42,000,000 to Jonathan Moss Faiman ("Mr. Faiman"), a British national. These loans were short-term and when Mr. Faiman failed to repay them when due, Valla went to extraordinary lengths to accommodate him by extending the maturity date, reducing the interest thereon, and allowing Mr. Faiman to assign $30,000,000 of the loan obligations to Menziar Trust, as defined below.

Finally, on September 3, 2019, Valla consolidated the remaining loans, wrote off more than $2 million in accrued interest and once again extended the maturity date based on Mr. Faiman's agreement to promptly supply security to collateralize the restructured loans. Thereafter Mr. Faiman failed to provide the agreed security and failed to repay the loans. Moreover, he prevented Valla from collecting the $30,000,000 due – through an assignment –

from Menziar Enterprises Limited, a Cyprus company owned by Mr. Faiman ("Menziar"), by refusing to transfer the funds deposited by Menziar in an HSBC bank account to pay Valla as he was the sole signatory on such account, despite the direction of the Board of Directors of Menziar to pay Valla these funds. As he controlled the Menziar bank account, Mr. Faiman has also been able to date to block release of the bank account statements thereby preventing Valla and Menziar from determining if the $30,000,000 loan repayment proceeds therein have been wrongfully withdrawn by Mr. Faiman.

In February 2020 the Valla loans to Mr. Faiman and Menziar were in default at which time Mr. Faiman promised to repay the amount due Valla by the end of that month. He failed to do so and instead sold a substantial portion of his holdings in Project Today Holdings Limited, Mr. Faiman's major asset, and rather than using those funds to pay Valla, diverted them for other purposes.  Valla only discovered this recently.

An action was then brought by Valla against Mr. Faiman in the United Kingdom High Court of Justice, Queen's Bench Division (the "UK Court") entitled *Valla v. Faiman*, Claim No. CL-2020-000240 (the "UK Action") (discussed below) to collect the loan amounts due.  At no time has Mr. Faiman disputed the amount due Valla. To the contrary he has signed a statement in the UK Action admitting that he owes the amount which Valla claims is due.

In this application, Valla seeks discovery from the banks (primarily but not entirely banks which acted as intermediary or correspondent banks) located in this district through or from which funds have been transferred by Mr. Faiman, his wife and their controlled companies from the date the Valla first loan was made to the date hereof. The discovery will assist in determining the use of the Valla loan proceeds and the potential diversion of the security and repayment funds that were to have been used to repay the Valla loans, as well as any fraudulent transfers

made when the loans were in default. The UK Action is on-going and the discovery sought here is for use in that proceedings and other foreign actions Valla anticipates will be brought.

Specifically, the subpoenas to the Intermediary Banks seek:

1. Copies of any orders, instructions or wire transfers received from any person or entity (including but not limited to, any payor/transferor bank to a payee/transferee bank) for the benefit or credit of, or with any reference to any of the following entities (the "Transferees"):

    i.     Jonathan Moss Faiman.

    ii.    Kira Faiman.

    iii.   Menziar Enterprises Limited.

    iv.    The Menziar Trust.

    v.     Project T0day Holdings Limited, alternatively spelled Project Today Holdings Limited.

    vi.    T0day Development Partners, alternatively spelled Today Development Partners.

    vii.   Project T0day Holdings Limited, alternatively spelled Project Today Holdings Limited

    viii.  T0day IP Holdings Limited, alternatively spelled Today IP Holdings Limited.

    ix.    T0day Development and Engineering Limited, alternatively spelled Today Development and Engineering Limited.

    x.     Project T0day (Guernsey) Ltd., alternatively spelled Project Today (Guernsey) Ltd.

    xi.    T0day Group Ltd., alternatively spelled Today Group Ltd.

xii.    Tempest Capital (BVI) Limited

xiii.   Tempest Capital AG.

xiv.    Tempest Capital (Tempest Trust).

xv.     Tempest Investment Limited.

xvi.    Tempest Group AG.

xvii.   Atom Marine LLP.

xviii.  Romea Training and Consulting Ltd.

xix.    Menziar Enterprises Ltd.

xx.     TOV Klavinton.

xxi.    NEOS Geosolutions Inc.

xxii.   Energy Operations Argentina LLC.

xxiii.  Energicon SA.

xxiv.   VG Home LLC.

xxv.    Von Gern Home.

xxvi.   House of Faiman Investments Limited.

xxvii.  Lunar Jet Limited.

in which the Intermediary Banks have acted either as the direct transfer/recipient bank or as the intermediary and/or correspondent bank, together with any electronic and/or paper records thereof <u>for the period beginning November 27, 2017 through the present.</u>

2.  Copies of any other documents in the possession of the Intermediary Banks relating to the Transferees.

The application meets the three statutory requirements for discovery set forth in Section 1782. *First*, the parties from which discovery is sought, the Intermediary Banks, are present within the Southern District of New York. *Second*, the documents requested are

"for use" in the ongoing UK Action and contemplated foreign Future Actions which the Applicant intends to bring against transferees of the funds. *Third*, as a party in the ongoing and contemplated foreign actions, Applicant qualifies as an "interested person" under Section 1782.

Further, the four discretionary factors set out by the United States Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004) weigh in favor of granting Applicant's application, as set forth in the Declaration of Richard Chlup, dated June 4,, 2020 (the "Chlup Declaration") and the Memorandum of Law submitted with this Application. In summary, the Intermediary Banks are not parties to the foreign actions, there is no restriction on the use of this discovery in the foreign actions, the Applicant is not circumventing any proof gathering motivation in the UK and the discovery requested is narrowly tailored to highly relevant document easily assembled and routinely supplied by intermediary banks.

Accordingly, for the reasons set forth in this Application; the Chlup Declaration; and the Memorandum of Law submitted contemporaneously with this Application, Applicant respectfully requests that the Court grant it permission to serve the Intermediary Banks with a respective subpoena substantially in the form of the subpoena attached to the declaration of Richard Chlup at Exhibit A.

A form of the proposed Order granting the requested discovery is attached hereto as Exhibit 1.

 Dated:  June 4, 2020                                         Respectfully submitted,


                                                              /s/ Patrick Salisbury
                                                              Patrick Salisbury
                                                              Matthew Feser
                                                              SALSIBURY & RYAN LLP

1345 Avenue of the Americas
2nd Floor
New York, New York 10105
Tel: 212.977.4660
Fax: 212.977.4668

*Attorneys for Applicant*

**<u>EXHIBIT 1</u>**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

IN RE THE APPLICATION OF VALLA PTC          :
LIMITED.
                                                                    :

                                                                    :

REQUEST FOR DISCOVERY PURSUANT TO     :               **(PROPOSED) ORDER**
28 U.S.C. § 1782
                                                                    :

                                                                    :
----------------------------------------------------------------.

_____, District Judge:

Applicant, Valla PTC Limited ("Valla" or "Applicant"), moves for an order pursuant to

28 U.S.C. § 1782 authorizing it to take discovery from H.S.B.C. Bank U.S.A., N.A.; H.S.B.C.

Private Bank (Suisse) SA; H.S.B.C. Holdings PLC; UBS AG; Bank of New York Mellon;

JPMorgan Chase Bank, N.A.; Citibank N.A.; Deutsche Bank (and its affiliates Deutsche Bank

Trust Company Americas and Bankers Trust Company); Wells Fargo Bank, N.A.; Barclays

Bank PLC; Lloyd's Bank USA; Lloyd's Bank Commercial Banking; Commerzbank AG; and

Bank of America, N.A. (collectively, the "Respondents") for use in foreign proceedings.

Specifically, Applicant requests that the Court order the issuance of subpoenas directing each of

the Respondents to produce documents, as described in the subpoena attached to the Declaration

of Richard Chlup, dated June 4, 2020 (the "Chlup Declaration"), as <u>Exhibit A</u> at Docket No. 3

(the "Subpoena"), for use in ongoing and contemplated foreign litigation.

The Court is satisfied that the application is proper under 28 U.S.C. § 1782: (1) Respondents reside and are found in this District; (2) the discovery is sought for use in proceedings before a foreign tribunal; and (3) Applicant – as a party in ongoing litigation and the potential plaintiff in contemplated litigation – is an interested party in those proceedings. The Court also finds that the discretionary factors, as described in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-266 (2004), weigh in favor of granting Applicant's application.

Accordingly, it is hereby ORDERED that Applicant's application is GRANTED. Applicant may serve each of the Respondents with the Subpoena, in substantially the form it appears as attached to the Declaration of Richard Chlup as <u>Exhibit A</u>.

It is further ORDERED that Respondents shall produce the documents as specified in the subpoena. Discovery shall be governed by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of New York.

SO ORDERED.

Dated: _____, 2020
         New York, New York

                                        _____