UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In Re Application of VALLA PTC LIMITED for an Order Pursuant to 28 U.S.C. § 1782

**ORDER**

20 Misc. 223 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

On July 15, 2022, this Court granted Petitioner Valla PTC Limited permission to obtain discovery from banks located in this District for use in ongoing and contemplated proceedings in the United Kingdom. (Dkt. No. 8)  Petitioner now seeks an amended order authorizing it to take additional discovery from TD Bank, Credit Suisse Group, and PNB Paribas Bank U.S. (collectively, "Respondents"), for use in the United Kingdom proceedings.  (See Dkt. No. 9)

Section 1782(a) provides:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . .  The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court . . . .  The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing.  To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a).  The statute authorizes district courts to grant such relief only where an applicant establishes "'(1) that the person from whom discovery is sought resides (or can be found) in the district of the district court to which the application is made, (2) that the discovery is for use in a proceeding before a foreign tribunal, and (3) that the application is made by a foreign or international tribunal or "any interested person."'" In re Top Matrix Holdings Ltd.,

No. 18 Misc. 465 (ER), 2020 WL 248716, at *3 (S.D.N.Y. Jan. 16, 2020) (alterations omitted) (quoting In re Edelman, 295 F.3d 171, 175-76 (2d Cir. 2002)); see also Schmitz v. Bernstein Liebhard & Lifshitz, LLP, 376 F.3d 79, 83 (2d Cir. 2004).

"'[O]nce the statutory requirements are met, a district court is free to grant discovery in its discretion.'" Schmitz, 376 F.3d at 83-84 (alteration in original) (quoting In re Metallgesellschaft AG, 121 F.3d 77, 78 (2d Cir. 1997)); see In re Edelman, 295 F.3d at 181 (citing S. Rep. No. 88-1580, § 9, reprinted in 1964 U.S.C.C.A.N. at 3788) ("Congress planned for district courts to exercise broad discretion over the issuance of discovery orders pursuant to § 1782(a) – both over whether to grant a discovery order and, if so, what limits to place on that discovery.").

> This discretion, however, is not boundless. Rather, [the Second Circuit has] held that "district courts must exercise their discretion under § 1782 in light of the twin aims of the statute: 'providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts.'"

Schmitz, 376 F.3d at 84 (quoting In re Metallgesellschaft, 121 F.3d at 79; In re Malev Hungarian Airlines, 964 F.2d 97, 100 (2d Cir. 1992)).

> In exercising this discretion, courts consider:
>
> (1)  [w]hether the documents or testimony sought are within the foreign tribunal's jurisdictional reach, and thus accessible absent § 1782 aid;
>
> (2)  [t]he nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance;
>
> (3)  [w]hether the § 1782 request conceals a[n] attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and
>
> (4)  [w]hether the subpoena contains unduly intrusive or burdensome requests.

In re Microsoft Corp., 428 F. Supp. 2d 188, 192-93 (S.D.N.Y. 2006) (citing Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 264-65 (2004)), abrogated on other grounds by In re del Valle Ruiz, 939 F.3d 520 (2d Cir. 2019).

        Here, the application appears proper under 28 U.S.C. § 1782: (1) Respondents reside and are found in this District; (2) the discovery is sought for use in proceedings before a foreign tribunal; and (3) Petitioner – as a party in ongoing litigation and the potential plaintiff in contemplated litigation – is an interested party in those proceedings. The Court also finds that the discretionary factors, as described in Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 264-265 (2004), weigh in favor of granting the application.

        Accordingly, Petitioner's application is granted. Petitioner may serve each of the Respondents with a subpoena in substantially the form set forth as Exhibit 1 to Petitioner's July 13, 2022 letter (Dkt. No. 7-1).

        It is further ORDERED that Respondents shall produce the documents as specified in the subpoena. Discovery shall be governed by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Southern District of New York.

        The Clerk of Court is directed to terminate the motion (Dkt. No. 9).

Dated: New York, New York
       April 28, 2023

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge